T.C. Memo. 2012-216

UNITED STATES TAX COURT

JOSIE SANCHEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8925-11L.                          Filed July 30, 2012.

Josie Sanchez, pro se.

<u>Kimberly A. Kazda</u>, <u>Matthew D. Carlson</u>, and <u>John Chinnapongse</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This case was commenced under section 6330 in response to a notice of determination concerning collection action sustaining a Federal tax lien with respect to petitioner's unpaid income tax liabilities for 2001, 2003, 2004,

2005, 2006, and 2008. The issue for decision is whether sustaining the lien was an abuse of discretion. All section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time she filed her petition.

In 2006 petitioner entered into an installment agreement to pay overdue tax liabilities, but she was unable to make the agreed payments and defaulted. On October 6, 2009, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioner requested a hearing and raised as issues an offer-in-compromise, hardship, and an installment agreement. Petitioner did not dispute the underlying liabilities.

In her first contact with a settlement officer conducting a hearing, petitioner stated that she had previously submitted an offer-in-compromise. The settlement officer informed petitioner that Internal Revenue Service (IRS) records did not show any offer-in-compromise.

Petitioner's case was transferred to a second settlement officer for a face-to-face hearing. The second settlement officer confirmed that IRS records did not

reflect a prior offer-in-compromise. Petitioner acknowledged that she had not maintained a copy of the offer.

Petitioner requested an installment agreement in the amount of $95 per month. She presented a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. However, the settlement officer concluded that the Form 433-A omitted some of petitioner's income and accordingly adjusted the amount reported by petitioner. After discussing the Form 433-A with petitioner, the settlement officer increased the amount of allowable monthly expenses to reflect petitioner's expenses in relation to caring for her mother, who suffers from Alzheimer's disease, and dental expenses not previously listed on the Form 433-A. The settlement officer determined that petitioner could pay $600 per month.

Petitioner did not submit an offer-in-compromise during the hearing. The settlement officer verified that the requirements of applicable law and administrative procedure had been met. The settlement officer concluded that no hardship was created by the lien. Because petitioner and the settlement officer could not reach an agreement with respect to an installment agreement, a notice of determination sustaining the lien was sent to petitioner.

## OPINION

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay. The lien arises when the assessment is made. See sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.

The hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). See sec. 6320(c). Under section 6330(c)(2)(A) a taxpayer may raise any relevant issue at a CDP hearing, including "challenges to the appropriateness of collection actions", and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." A taxpayer is expected to provide all relevant information requested by the Appeals Office for its consideration of the facts and issues involved in the hearing. See secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.

Although petitioner has consistently maintained that she previously submitted an offer-in-compromise to the IRS, neither she nor the IRS has a copy of such an offer. (Possibly she confuses an offer-in-compromise with the installment agreement that she previously entered into.) She declined to propose a new offer and insists that she cannot pay the amount determined by the settlement officer because of the expenses associated with caring for her mother. She also argues that she no longer has as much income as she had at the time of the hearing.

Our role in this case is to review the determination of the Office of Appeals for abuse of discretion, to wit, we decide whether the determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 313, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). We do not consider issues that were not properly raised in the Appeals hearing. Giamelli v. Commissioner, 129 T.C. 107, 113 (2007). We do not independently calculate the amount that petitioner is able to pay. See Murphy v. Commissioner, 125 T.C. at 320; Speltz v. Commissioner, 124 T.C. 165, 179-180 (2005), aff'd, 454 F.3d 782 (8th Cir. 2006); Shaw v. Commissioner, T.C. Memo. 2010-210. Petitioner's circumstances were considered in the settlement officer's calculation of her ability to pay, and adjustments were made when petitioner provided new information. Petitioner has

not shown that either the determination of her ability to pay or sustaining the lien filing was arbitrary, capricious, without sound basis in fact or law, or otherwise an abuse of discretion.

<u>Decision will be entered for</u>

<u>respondent</u>.